IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUCYNETTE ARROYO-DELGADO, *et al.*,

    **Plaintiffs,**

              **v.**

DEP'T OF EDUC. OF PUERTO RICO, *et al.*,

    **Defendants.**

**Civil No.** 15-2001 (FAB)

# OPINION AND ORDER[1]

BESOSA, District Judge.

    Plaintiff Lucynette Arroyo-Delgado ("Arroyo"), personally and on behalf of her minor son "AGA" (collectively, "plaintiffs"), moves for partial summary judgment pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. sections 1400 *et seq*. (Docket No. 129.) Defendants Department of Education of Puerto Rico ("PR-DOE") and the Commonwealth of Puerto Rico (collectively, "defendants") opposed the motion. (Docket No. 139.)[2] For the reasons set forth below, the Court **GRANTS** plaintiffs' motion. (Docket No. 129.)

---

[1] Jeremy S. Rosner, a third-year student at Emory University School of Law, assisted in the preparation of this Opinion and Order.

[2] The Commonwealth of Puerto Rico and PR-DOE do not have Eleventh Amendment immunity pursuant to IDEA "because they waived such immunity by accepting federal funds." See Díaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. 2006) (citations omitted); 20 U.S.C. § 1403(a) ("A State shall not be immune under the [Eleventh] [A]mendment to the Constitution of the United States from suit in Federal court for a violation of [IDEA].").

## I. Background

The following facts are deemed admitted by both parties pursuant to Local Rule 56. Loc. R. 56(e); P.R. Am. Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 130-31 (1st Cir. 2010) (citing Loc. R. 56(e)).[3] Arroyo is AGA's mother; AGA is an eleven-year-old autistic child registered in the PR-DOE's special education program. (Docket No. 1 at pp. 2-3.) AGA was enrolled in the Inés María Mendoza public school for the 2014-2015 and 2015-2016 school years, and the María E. Rodríguez public school for the first semester of the 2016-2017 school year. (Docket No. 130, Ex. 1 at p. 5; Docket No. 143 at p. 2.) In both public schools, AGA was registered in a full-time, specialized, self-contained autism program, administered by the PR-DOE. (Docket No. 130, Ex. 1 at p. 5.) The program did not provide one-on-one educational services. Id.

---

[3] Local Rule 56 governs the factual assertions made by the parties in the context of summary judgment. Loc. R. 56; Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007). The Rule "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute." CMI Capital Market Inv. v. González-Toro, 520 F.3d 58, 62 (1st Cir. 2008). The movant must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs." Loc. Rule 56(b). The nonmovant must "admit, deny, or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts." Loc. R. 56(c). The movant may reply and admit, deny, or qualify the opponent's newly-stated facts in a separate statement and by reference to each numbered paragraph. Loc. Rule 56(d). Facts that are properly supported "shall be deemed admitted unless properly controverted." Loc. R. 56(e); P.R. Am. Ins. Co., 603 F.3d 125, 130 (1st Cir. 2010).

Due to concerns regarding the adequacy of AGA's education, the plaintiff filed a due process complaint with the PR-DOE in July 2014. (Docket No. 27, Ex. 1.)[4] The plaintiff presented the case before an administrative law judge ("ALJ"). (Docket No. 64, Ex. 3 at p. 1.) On May 21, 2015, the ALJ issued a final order dismissing the entire complaint as moot because the 2014-2015 school year had ended. See Docket No. 27, Ex. 7 at p. 8.

On July 23, 2015, Plaintiff then filed a complaint before this Court challenging the ALJ's decision. (Docket No. 1.)[5] In August 2016, the Court reversed the ALJ's decision and remanded the case for the ALJ to (1) evaluate the adequacy of AGA's IEP and free and adequate public education ("FAPE") for the 2014-2015 academic year, and (2) determine whether plaintiff should be awarded compensatory education for the 2014-2015 academic year. (Docket No. 107 at pp. 20-21.)

On September 25, 2016, the ALJ found that AGA "was not guaranteed by the [Department of Education] as to his right to receive" FAPE for the 2014-2015 academic year. (Docket No. 116,

---

[4] "Parents who believe that a proposed [Individualized Education Program ("IEP")] is inappropriate are entitled to an impartial due process hearing." Murphy v. Timberlane Reg'l Sch. Dist., 973 F.2d 13, 14 (1st Cir. 1992) (citing 20 U.S.C. § 1415(b)(2)).

[5] This Court has jurisdiction over the plaintiffs' claims. 20 U.S.C. § 1415(i)(3)(A) ("The district courts of the United States shall have jurisdiction of actions brought under [IDEA] without regard to the amount in controversy.").

Ex. 1 at p. 38.) The ALJ awarded AGA compensatory services for AGA's lack of FAPE for the 2014-2015 academic year. Id. Pursuant to the ALJ's order, AGA's IEP team convened in November 2016 and agreed that AGA should be compensated for at least two years of educational services in a one-on-one setting. (Docket No. 130, Ex. 1 at p. 2; Docket No. 120, Ex. 1 at p. 3.) The one-on-one educational services would be limited to the teaching of independent living and functional education skills. (Docket No. 120, Ex. 1 at p. 3.)

On December 19, 2016, AGA's IEP team decided that AGA should be enrolled at the Gersh Academy private school commencing with the second semester of the 2016-2017 school year. (Docket No. 130, Ex. 1 at p. 3; see Docket No. 120, Ex. 2 at pp. 2-3.)[6] AGA was enrolled at Gersh Academy, at public cost, for the second semester of the 2016-2017 academic year. (Docket No. 130, Ex. 1 at p. 4.)[7]

---

[6] "If a school system is unable to furnish a disabled child with a FAPE through a public school placement, it may be obliged to subsidize the child in a private program." C.G. v. Five Town Cmty. Sch. Dist., 513 F.3d 279, 284 (1st Cir. 2008) (citing Burlington Sch. Comm. v. Mass. Dep't of Educ., 471 U.S. 359, 370 (1985)). "In such circumstances, the school system will be responsible for the reasonable costs incident to that private placement." Id. at 284-85 (citations omitted).

[7] On May 3, 2017, AGA's IEP team prepared and approved AGA's 2017-2018 IEP and decided that AGA would continue at Gersh Academy for the 2017-2018 academic year. (Docket No. 130, Ex. 1 at p. 4.)

In October 2017, the plaintiffs filed a motion for partial summary judgment before this Court. (Docket No. 129.)[8] The plaintiffs argue that the defendants deprived AGA's right to FAPE for the 2014-2015 and 2015-2016 school years, as well as the first semester of the 2016-2017 school year. Id. at p. 12. The plaintiffs seek two and a half years of compensatory education[9] to be provided after AGA's twenty-first birthday. Id.; Docket No. 143 at pp. 6-7.[10] The defendants agree that AGA was denied FAPE and IEP for the 2014-2015 and 2015-2016 academic years, and they concede that AGA should be compensated for two years of education. (Docket No. 148 at p. 2.) Accordingly, the only issue before this Court is whether AGA should be compensated for the first semester

---

[8] Plaintiffs move for partial summary judgment because they are not requesting attorney's fees at this time. See Docket No. 129 at p. 3.

[9] The original motion for partial summary judgment included the plaintiff's requests for assistive technology equipment, evaluations in occupational therapy with sensory focus, non-verbal speech and language, and audiology processing, and confirmation of the resolution and order issued on remand by the ALJ. (Docket No. 129 at p. 12.) Because the defendants have provided the plaintiffs with the requested assistive technology equipment, evaluations, and confirmation of the ALJ's order, these issues are no longer in dispute. See Docket No. 148 at p. 2.

[10] Plaintiff requests that the two and a half years of compensatory services be provided to AGA after the conclusion of the school year when AGA turns twenty-one (21) years old. (Docket No. 143 at pp. 6-7.) Pursuant to IDEA, AGA becomes ineligible for state funded special educational services when AGA turns twenty-one (21) years old. See id. at p. 7; 20 U.S.C. § 1412(a)(1)(A) ("A free appropriate public education is available to all children with disabilities residing in the State between the ages of 3 and 21, inclusive, including children with disabilities who have been suspended or expelled from school."). "In order to give meaning to a disabled student's right to an education between the ages of three and twenty-one, compensatory education must be available beyond a student's twenty-first birthday." Pihl v. Mass. Dep't of Educ., 9 F.3d 184, 189 (1st Cir. 1993).

of the 2016-2017 school year.  See Docket No. 129 at p. 12; Docket No. 148 at p. 2.

## II.  Summary Judgment Standard

A court will grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party.  A fact is material if it has the potential of determining the outcome of the litigation." Dunn v. Trs. of Bos. Univ., 761 F.3d 63, 68 (1st Cir. 2014) (internal citation omitted).

The role of summary judgment is to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Tobin v. Fed. Exp. Corp., 775 F.3d 448, 450 (1st Cir. 2014) (internal citation omitted). The party moving for summary judgment has the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact" with definite and competent evidence. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The movant must identify "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" that support its motion.  Id. (quoting Fed. R. Civ. P. 56(c)).

Once a properly supported motion has been presented, the

burden shifts to the nonmovant "to demonstrate that a trier of fact reasonably could find in [its] favor." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (citation omitted). While "the court [generally] 'must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor,'" Zegarra v. D'Nieto Uniforms, Inc., 623 F. Supp. 2d 212, 221 (D.P.R. 2009) (Besosa, J.) (quoting Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990)), "a motion for summary judgment in an IDEA case is simply a vehicle for deciding the relevant issues, and the non-moving party is not entitled to the usual inferences in its favor." Sebastian M. v. King Philip Reg'l Sch. Dist., 685 F.3d 79, 84-85 (1st Cir. 2012) (internal citations omitted).

**III. Applicable Law**

IDEA aims to ensure that children with disabilities have an education "that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." Millay v. Surry Sch. Dep't, No. 07-178, 2009 U.S. Dist. LEXIS 120222, at *2 (D. Me. Dec. 22, 2009) (quoting 20 U.S.C. § 1400(d)(1)(A)) (internal quotation marks omitted). "Compensatory education is a surrogate for the warranted education that a disabled child may have missed

during periods when his IEP was so inappropriate that he was effectively denied a FAPE." Five Town, 513 F.3d at 290 (citing Me. Sch. Admin. Dist. No. 35 v. R., 321 F.3d 9, 18 (1st Cir. 2003)).

"IDEA does not provide for a statute of limitations" regarding a claim for compensatory services." Howard v. Feliciano, No. 05-1928, 2008 U.S. Dist. LEXIS 61146, at *31 (D.P.R. Aug. 8, 2008) (Acosta, J.).  The First Circuit Court of Appeals "has applied a six-year state limitations period for personal injury actions to IDEA claims for compensatory education, which seek to obtain additional education to make up for an earlier deprivation of FAPE." Suárez-Martínez v. Puerto Rico, 31 F. Supp. 3d 334, 340 (D.P.R. 2014) (Gelpí, J.) (quoting Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 119 (1st Cir. 2003)).

"[O]nce a court holds that the public placement violated IDEA, it is authorized to 'grant such relief as the court determines is appropriate.'" Florence Cty. Sch. Dist. Four v. Carter, 510 U.S. 7, 15-16 (1993) (quoting 20 U.S.C. § 1415(i)(2)(C)(iii)). Pursuant to 20 U.S.C. section 1415(i)(2)(C)(iii), "'equitable considerations are relevant in fashioning relief,' and a court enjoys 'broad discretion' in so doing." Id. at 16 (internal citations omitted).

The courts of appeals use varying methods to calculate the equitable amount of compensatory services owed pursuant to IDEA. Some courts of appeals endorse a day-for-day approach. See M.C. ex rel. J.C. v. Cent. Reg'l Sch. Dist., 81 F.3d 389, 396-97 (3d Cir. 1996); Peter v. Jax, 187 F.3d 829, 839 (8th Cir. 1999) (citation omitted); Burr v. Ambach, 863 F.2d 1071, 1078-79 (2d Cir. 1988), vacated on other grounds, 492 U.S. 902 (1989). Other courts of appeals apply a totality of circumstances approach. See G v. Fort Bragg Dependent Schs., 343 F.3d 295, 309 (4th Cir. 2003); Parents of Student W. v. Puyallup Sch. Dist., No. 3, 31 F.3d 1489, 1497 (9th Cir. 1994); Reid ex rel. Reid v. District of Columbia, 401 F.3d 516, 523 (D.C. Cir. 2005).

While the day-for-day approach awards students the same number of days in compensatory services as were found to be in violation of IDEA, the totality of circumstances approach considers "the child's progress in several areas" and the "shortfall in services provided" by the school. See Burke v. Amherst Sch. Dist., No. 08-014, 2008 U.S. Dist. LEXIS 102522, at *25-26 (D.N.H. Dec. 18, 2008) (citing Neosho R-V Sch. Dist. v. Clark, 315 F.3d 1022, 1029 (8th Cir. 2003)). Pursuant to the totality of the circumstances analysis, a court also evaluates whether the plaintiffs intentionally hindered the defendants from creating and implementing a proper IEP and FAPE. See Five Town,

Civil No. 15-2001 (FAB)                                         10

513 F.3d at 288 ("The district court supportably found that the parents' actions disrupted the IEP process, stalling its consummation and preventing the development of a final IEP.").

The First Circuit Court of Appeals has not adopted or rejected either method, and the district courts in the First Circuit have not decided on a singular approach. See J. v. Portland Pub. Sch., No. 15-00084, 2016 U.S. Dist. LEXIS 141744, at *13 (D. Me. Oct. 12, 2016) (holding that "there is no obligation to provide a day-for-day compensation for time missed") (internal citations omitted); but see Dracut Sch. Comm. v. Bureau of Special Educ. Appeals of the Mass. Dep't of Elem. & Secondary Educ., 737 F. Supp. 2d 35, 55 (D. Mass. 2010) (finding that pursuant to IDEA "a school must provide compensatory services 'equal in time and scope' with what a student would have received while eligible") (citation omitted); Manchester Sch. Dist. v. B., 807 F. Supp. 860, 871 (D.N.H. 1992) (internal citations omitted) ("Given that compensatory education . . . is a form of equitable relief, intended to cure the deprivation of a [disabled] child's statutory rights, the appropriate measure of a compensatory education award is the length of the inappropriate placement.").

## IV. Discussion

Following both the day-for-day and totality of the circumstances approaches, the plaintiffs should be compensated for

the first semester of the 2016-2017 school year, in addition to the two years conceded by the defendants.[11] Because AGA was deprived of FAPE for two and a half years, see Docket No. 130, Ex. 1 at pp. 2-4, the day-for-day approach supports an award of two and a half years in compensatory services.  See Manchester, 807 F. Supp. at 871.

The totality of the circumstances analysis also supports an award of two and a half years in compensatory services for the time AGA was deprived of FAPE.  According to the ALJ, during AGA's time in the specialized public school autism program, AGA did not show signs of "significant progress."  Docket No. 116, Ex. 1 at p. 17; see Burke, 2008 U.S. Dist. LEXIS 102522, at *25-26.  AGA's public school academic reports revealed that AGA did "not reach[] significant goals."  See Docket No. 116, Ex. 1 at p. 22.  "Most of the results [of the academic reports] were L2, meaning that [AGA] needed significant assistance."  Id.  According to the ALJ,

> Regardless how much these goals and objectives [in public school] [were] adjusted to the functioning level of [AGA], there [was] no possible way [AGA], given [AGA's] particular needs, would [have] be[en] able to master the same and obtain any educational benefit from them.

Id. at p. 36.  The ALJ found that "[AGA] need[ed] an individualized special education" as opposed to a classroom structure, and that

---

[11] Because both methods arrive at the same result, this Court refrains from endorsing one approach over the other.

the public schools did not provide "the recommended technological assistance equipment" required to meet AGA's needs.  Id. at pp. 17 & 23.

Because AGA did not progress and there was significant "shortfall in services provided" by the public schools, the totality of the circumstances weighs in the plaintiffs' favor. See Burke, 2008 U.S. Dist. LEXIS 102522, at *25-26.  Moreover, the defendants present no evidence suggesting that AGA's mother "disrupted" the PR-DOE from implementing a proper IEP and FAPE for AGA.  See Five Town, 513 F.3d at 288.

The defendants' argument that there is a two-year statutory cap for recovery pursuant to IDEA is unavailing.  See Docket No. 139 at pp. 6-7; 20 U.S.C. § 1415(b)(6)(B).  The defendants refer to a statute of limitations that governs the period during which a complainant may file a due process complaint with the relevant public agency.  See 20 U.S.C. § 1415(b)(6)(B); Pass v. Rollinsford Sch. Dist., 928 F. Supp. 2d 349, 364 (D.N.H. 2013) ("[T]he complainant must request an impartial due process hearing within either 2 years of the date the [complainant] knew or should have known about the alleged action that forms the basis of the complaint or the time period, if any, specified by State law.") (internal citation omitted).  The plaintiffs filed their due process complaint with the PR-DOE within two years of the IDEA

violations.  See Docket No. 116, Ex. 1 at p. 18.  Additionally, courts have awarded more than two years of compensatory education for IDEA violations.  See Suárez-Martínez, 31 F. Supp. 3d at 340 (awarding six years of compensatory education); Manchester, 807 F. Supp. at 872 (awarding two and a half years of compensatory education).

**IV. Conclusion**

For the reasons set forth above, the Court **GRANTS** plaintiffs' motion for partial summary judgment (Docket No. 129).  The defendants shall provide AGA with two and a half years of compensatory educational services to be provided after the conclusion of the school year when AGA turns twenty-one (21) years old.  Judgment shall be entered accordingly.  The Court **STAYS** the proceedings regarding attorney's fees pursuant to the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"), 48 U.S.C. sections 2101 *et seq.*, and the Commonwealth of Puerto Rico's Petition pursuant to Title III of PROMESA.[12]  Plaintiffs' motion

---

[12] The Court stays actions pursuant to PROMESA when the requested relief involves monetary damages.  See, e.g., Ruiz-Colón v. Elías, No. 17-2223, 2018 U.S. Dist. LEXIS 74455 (D.P.R. Apr. 30, 2018) (Young, J.); Marrero-Méndez v. Pesquera, No. 13-1203, 2014 U.S. Dist. LEXIS 116118 (D.P.R. July 20, 2017) (García, J.); Caraballo-Rivera v. García-Padilla, No. 14-1435, 2017 U.S. Dist. LEXIS 165529 (D.P.R. Oct. 3, 2017) (Domínguez, J.).

requesting a settlement conference (Docket No. 154) is moot.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 18, 2018.

>                                    s/ Francisco A. Besosa
>                                    FRANCISCO A. BESOSA
>                                    UNITED STATES DISTRICT JUDGE